In the Matter of DOMINICK " C " et al., Individually and as Parents and Natural Guardians, Respondents, v. HOLLIS S. INGRAHAM, as State Commissioner of Health of the State of New York, Appellant.

Fourth Department, April 3, 1969.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* of counsel), for appellant.

*The Legal Aid Society (William P. Polito* of counsel), for respondents.

WITMER, J. In this article 78 proceeding petitioners seek to compel the respondent, Commissioner of Health of the State of New York, to issue a new birth certificate with respect to a daughter born to Mrs. " C " *, one of the petitioners, on November 4, 1961. They wish the certificate to show that they are her parents; and their application to respondent was made under section 4138 (subd. 1, par. [a]) of the Public Health Law. Respondent Commissioner ruled that the application papers did not contain the " proof " required by the statute to authorize him to issue the requested certificate. Petitioners contend that his construction of the statute is erroneous in law; and they have secured from Special Term a judgment directing the Commissioner to accept their papers and issue the new birth certificate as requested. Respondent Commissioner appeals from that judgment.

It is not precisely clear from the record what papers petitioners presented to the Commissioner in requesting a new birth certificate, but we must assume that the petition and amended petition, to which is attached the original birth certificate for the child which does not show the name of the father and shows that the mother has four other children, contain all the " facts " presented to him. There is no other showing except unsupported statements of fact contained in petitioners' brief on this appeal. It appears from these documents that the " proof " made to the Commissioner was that when this child was conceived her mother, Mrs. "C", was married to one " A ", who obtained a divorce from her on July 10, 1961, in the State of Pennsylvania. Less than four months thereafter, on Novem-

---

* Letters are used to designate the mother and her former husband.

ber 4, 1961 the child was born to her, presumptively the legitimate child of her former husband, "A". Nearly two years later, on September 11, 1963 the petitioners intermarried. In their application to the Commissioner for change of the birth certificate of the daughter they assert merely that they are her parents. The Commissioner ruled, as above noted, that they had not supplied the proof required by the statute to overcome the presumption that the daughter was the legitimate child of "A" (see *Matter of Matthews,* 153 N. Y. 443, 446–448; *People* v. *Lewis,* 25 A D 2d 567; and *Matter of Lane* v. *Eno,* 277 App. Div. 324). On this appeal the Commissioner suggests that the interests of "A", the presumptive father, and of the child as well as the integrity of the Public Health Department records require that more evidence be furnished to him, including, if feasible, proof of notice of the application to "A". He also urges that a guardian ad litem should be designated for the child to protect her interests.

The statute under which this application is made, subdivision 1 of section 4138 of the Public Health Law, provides as follows:

"A new certificate of birth shall be made whenever:

"(a) proof is submitted to the commissioner that the previously unwed parents of a person have intermarried subsequent to the birth of such person; or,

"(b) notification is received by, or proper proof is submitted to, the commissioner by the clerk of a court of competent jurisdiction or the parents, or their attorneys, or the person himself, of a judgment, order or decree relating to the parentage; or,

"(c) notification is received by or proper proof is submitted to the commissioner by the clerk, as aforesaid of a judgment, order or decree relating to the adoption of such person regardless of the place of birth of such person." We interpret the words "unwed parents" in paragraph (a) to mean parents of an illegitimate child. Under paragraph (b) the Commissioner is required to honor a judgment pertaining to paternity, and under paragraph (c) he must honor an order of adoption. But this function is not purely ministerial, for if it appears that the judgment or order is defective on its face the Commissioner has been advised to refuse to act upon it until corrected (see 1943 Opns. Atty. Gen. 260; *ibid,* p. 263; 1944 Opns. Atty. Gen. 236; *ibid.,* p. 253). Likewise, under paragraph (a) the Commissioner is required to determine that the papers contain the minimum "proof" required. Since the papers submitted to the Commissioner revealed that the mother was married to another when the child was conceived and hence

she was presumptively the legitimate child of that husband, the Commissioner was correct in refusing to accept them and issue the requested new birth certificate.

Petitioners argue that every child is presumed to be legitimate (see Richardson, Evidence [9th ed.], § 58) and hence that the Commissioner, in acting under said section 4138 (subd. 1, par. [a]), regularly accepts proof by affidavit of facts indicating illegitimacy, which facts are subject to proof of error or falsity; and they contend that he should in this case accept their petition and let the presumptive father come in later to disprove it and vacate the changed birth certificate if he is sufficiently interested to do so. Of course, the Commissioner is entitled to accept sworn statements submitted to him; they are submitted at the risk of penalty if made with intent to falsify (Public Health Law, § 4102). The difficulty with petitioners' application is that on its face it shows that the child is presumptively the legitimate child of another; and hence a *pro forma* application under section 4138 (subd. 1, par. [a]) of the Public Health Law may not be made.

The application may well be in the best interests of the child; but on the other hand, important personal and property rights of the child could be jeopardized by its acceptance by the Commissioner.

Under the circumstances of this case, instead of making application under paragraph (a) petitioners should resort to a prior application to a court to adjudicate or change the status of the child, wherein notice may be given to the presumptive father, and a guardian ad litem be appointed to protect the interests of the child (see *Matter of " P " v. Department of Health of City of N. Y.*, 200 Misc. 1090, 1094-1095; and *Roe v. Roe*, 49 Misc 2d 1070). Upon the judgment, order or decree thus obtained petitioners could properly apply for a new birth certificate under paragraphs (b) or (c) of the statute (see *Matter of Melis v. Department of Health*, 260 App. Div. 772).

The judgment appealed from should, therefore, be reversed and the petition dismissed without prejudice and without costs.

Del Vecchio, J. P., Marsh, Gabrielli and Moule, JJ., concur.

Judgment unanimously reversed on the law and petition dismissed without prejudice, all without costs.