OPINION OF THE COURT
Kathryn McDonald, J.
The issue before the court is whether, in a paternity pro *409 ceeding brought by the Commissioner of Social Services as assignee of the natural mother, the lawful husband of the mother must be served.
The Corporation Counsel’s brief memorandum of law relies on a 1940 Court of Appeals decision, Commissioner of Public Welfare v Koehler (284 NY 260), and a 1977 Second Department decision, Matter of Salvatore S. v Anthony S. (58 AD2d 867), based thereon, for the proposition that the husband is not a necessary party, since the action is a limited one deciding merely the issue of support and is not an adjudication of the child’s status or the rights of the mother’s husband or the putative father. For reasons set out below, the court rejects that reasoning, and directs that the mother’s husband be given notice.
It would seem that the sharp distinctions noted by the Koehler court between Family Court orders of filiation and Supreme Court declaratory judgments as to the status of illegitimacy have been eroded by more recent developments in the case law. Substantial property rights, for example, are governed by EPTL 4-1.2 (subd [a], par [2]), which provides that "An illegitimate child is the legitimate child of his father so that he and his issue inherit from his father if a court of competent jurisdiction has * * * made an order of filiation declaring paternity”. The Family Court order of filiation is therefore determinative. (See, also, Lalli v Lalli, 439 US 259.) In addition, the 1976 legislation (L 1976, ch 665; Social Services Law, § 384-c), granting unwed fathers notice and an opportunity to be heard in adoption and related proceedings, predicated those rights, in part, on Family Court orders of filiation. Further, it is clear that in custody disputes between the unwed parents, adjudicated fathers have custody rights equal to those of the natural mother. (Matter of ”J” Children, 50 AD2d 890.) Finally, the most recent United States Supreme Court decision in the area of illegitimacy (Caban v Mohammed, 441 US 380) holds that in some circumstances adjudicated unwed fathers have parental rights, including even the right to withhold consent to their child’s adoption by the natural mother and a stranger.
In 1976, the State Legislature also enacted a statute allowing "a person alleging to be the father,” the right to initiate a paternity petition. (L 1976, ch 665; Family Ct Act, § 522.) Thus, for the first time, such persons had access to the forum *410 with "exclusive original jurisdiction in proceedings to establish paternity * * * and to order support and to make orders of custody” (Family Ct Act, § 511; emphasis added). When property rights, custody, visitation, and parental rights are predicated on the order of filiation, and unwed fathers are granted status to bring the petition themselves, it is clear that the Legislature intends the order of filiation to establish more than simply the issue of child support. The statute itself specifies additional powers of the Family Court.
Naturally, a proceeding of such import requires the careful observation of constitutional protections, and, in the older cases, usually Supreme Court declaratory judgment actions, the requirements of due process were scrupulously observed. Notice to the mother’s lawful husband was required, and a guardian ad litem appointed for the child. (Matter of Melis v Department of Health, 260 App Div 772; Matter of P v Department of Health, 200 Misc 1090; Matter of Dominick C v Ingraham, 31 AD2d 429.) These requirements are based on the legal and practical necessities of safeguarding the integrity of the family relationship and the child’s interest in protecting his status as legitimate
The presumption of legitimacy is still one of the strongest known to the law (Matter of Findlay, 253 NY 1) and in a case such as this, where it is claimed the mother’s husband is not the child’s father, the Family Court proceeding is, in substance, a determination of illegitimacy. The procedural safeguards available heretofore in Supreme Court declaratory judgment actions can and must be observed in Family Court article 5 paternity proceedings. (Matter of Burnes v Burnes, 60 Misc 2d 675; Zett, NY Civ Prac, par 19.04, subd [1].) There is no reason in law or policy for the court to decline to exercise its exclusive original jurisdiction to determine paternity (Family Ct Act, § 511). Thus, service of the petitioner’s husband is directed, and a Law Guardian is appointed to protect the child’s interest.
It is alleged the husband’s whereabouts are unknown. Petitioner is directed to effect service as required by CPLR article 3, by substituted service, if necessary.
Matter is adjourned to Part II on May 22, 1979.