OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a support proceeding brought by the Oneida County Department of Social Services on behalf of Doris Flanigan, pursuant to article 4 of the Family Court Act and article 3 of the Social Services Law.
Petitioner has requested an order directing respondent to contribute towards the support of Doris Flanigan, his wife, and Corrin Flanigan, who petitioner alleges, is respondent’s daughter.
Respondent does not dispute his obligation to contribute toward the support of his wife. However, he denies any obligation to support the child, Corrin Flanigan.
The uncontroverted facts are as follows: Respondent married Doris Flanigan on July 5, 1975. That marriage has not been terminated. Doris Flanigan gave birth to two children during this marriage, Angel Flanigan, born December 19, 1975, and Corrin Flanigan, born December 17, 1977. Respondent acknowledges that he is the father of Angel. However, he denies that he is the father of Corrin, and, therefore, denies that he is liable for her support.
Doris Flanigan and respondent duly executed a separation agreement on October 16, 1979. Neither questions the validity of the agreement. They agreed that respondent would have sole custody of Angel and that Doris Flanigan would have sole custody of Corrin. Within the "custody and visitation” clause of that agreement, there appears the following language: "The wife hereby acknowledges that the child Corrin R. Flanigan is not a child of the marriage, although the parties hereto were married at the time of conception, but were not living together.”
Respondent has moved to dismiss this petition, urging that the above provision of the separation agreement "is sufficient enough * * * to establish the fact that * * * respondent is not the father of the child, Corrin Flanigan.”
Petitioner asserts that this provision does not, in and of itself, bar the relief sought.
The issue is whether respondent is entitled to a dismissal of *700 the petition, based solely upon the above provision of the separation agreement, and without a hearing.
We note initially that respondent’s motion is analogous to a motion for summary judgment pursuant to CPLR 3212. If there are no issues of fact to be determined, then summary judgment shall be granted. However, if there are issues of fact, to be determined by the trier of fact, then the motion must be denied.
If Doris Flanigan’s acknowledgment in the separation agreement, that Corrin Flanigan is not the respondent’s child, constitutes a conclusive presumption of that fact, which cannot be rebutted, then it is binding upon the court and the motion must be granted. If, however, it merely constitutes some evidence of that fact and may be rebutted, then the motion must be denied and a hearing ordered. We note that if such a hearing is held, both the respondent and Doris Flanigan may testify to nonaccess. (Family Ct Act, § 436.)
We are thus faced with an issue of first impression: Is a mother’s acknowledgment in a duly executed separation agreement that a child, born in wedlock, was not fathered by her then husband, a conclusive presumption of that fact and, therefore, binding upon this petitioner?
We begin with the well-established presumption that a child born to a married woman is presumed to have been fathered by her then husband. This is known as the presumption of legitimacy.
The presumption of legitimacy is "one of the strongest and most persuasive known to the law” (Matter of Findlay, 253 NY 1, 7). This presumption is so strong that it "will not fail unless common sense and reason are outraged by a holding that it abides.” (Matter of Findlay, supra, p 8.) The presumption applies even if the husband and wife were living apart at the time of conception. (Commissioner of Public Welfare v Koehler, 284 NY 260.)
However, this presumption is not conclusive. It may be overcome by satisfactory evidence, for example, proof of the husband’s lack of access or of his impotency. The presumption may also fall if the results of a competent blood grouping test exclude the husband as the father. (See Richardson, Evidence [10th ed], § 59.)
The burden of proof is upon petitioner to establish respondent’s liability to support the subject child. The effect of the presumption is to place upon the respondent the burden of *701 going forward with evidence to disprove paternity once the petitioner has established that the child was born to respondent wife during their wedlock.
Since it is undisputed that the child, Corrin Flanigan, was born in wedlock, the issue thus becomes whether the mother’s acknowledgment in the separation agreement is sufficient as a matter of law to disprove paternity conclusively despite the presumption of legitimacy.
Evidence, to establish a fact conclusively, must be incapable of being rebutted, and thus must lead to a conclusive presumption. "A 'conclusive presumption’ is an inference which, as a matter of law, cannot be rebutted * * * A 'conclusive presumption’ is, in reality, a rule of substantive law expressed in terms of rules of evidence.” (Richardson, Evidence [10th ed], § 57.)
We know of no rule of substantive law which gives such a statement in a duly executed separation agreement the status of a conclusive presumption. By analogy, section 463 of the Family Court Act provides that the provisions of a separation agreement are not binding on the Department of Social Services petitioning on behalf of a wife seeking support from her husband.
The mother’s acknowledgment may be presented as some evidence of nonaccess. "But testimony of non-access does not, in itself, overcome the strong presumption of legitimacy; it is considered by the court in conjunction with the normal rules of corroboration and credibility.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act, § 436, 1976-1979 Pocket Part.) There must be corroboration on the issue of nonaccess. This means evidence independent of the testimony of the parties. (Matter of Hawthorne v De Both, 42 AD2d 827.)
Thus, whether respondent can overcome the presumption of legitimacy and be granted a dismissal of the petition is a question of fact which cannot be determined without a full hearing.
As under CPLR 3212, where there are no issues of facts, the motion must be denied. There are issues of fact here. We hold that the above-quoted statement in the separation agreement does not establish conclusively that respondent is not the father of the child, Corrin Flanigan. Respondent’s motion to dismiss is denied and fact-finding hearing is directed.