OPINION OF THE COURT
Jack Turret, J.
The question before the court on this motion is: Does the Family Court, in a proceeding to enforce an order of support entered upon an order of filiation, have the power , to direct the Commissioner of Health of the City of New York to change the surname of a child from that of her natural mother to that of her putative father?
The petitioner mother contends the court does not because (1) the procedure outlined in article 6 of the Civil Rights Law governs all applications for a change in name; and accordingly (2) Family Court lacks the jurisdiction to enter an order directing a change of the child’s surname.
The putative father contends that he should not be made to support a child that does not bear his name.
The undisputed facts as evinced by documentary proof in the record are that the child was born out of wedlock to the petitioner on June 7, 1975. In the application for the original birth certificate, petitioner alleged respondent was the father. Since he had not consented, his name was omitted from the birth certificate. (Public Health Law, § 4135.)
Since birth, the child has resided with her mother and maternal grandmother, both of whom bear the same surname. For almost seven years, the child has been known only by her mother’s surname.
*636 On April 6, 1980, petitioner and respondent requested the Bureau of Vital Statistics issue a new birth certificate, identifying the respondent as the child’s father. At that time, respondent did not consent to have the child’s surname changed to his. The new birth certificate was issued accordingly with the child continuing to bear her mother’s surname.
On July 13, 1980, petitioner commenced a proceeding to obtain support. During the course of the proceeding, respondent acknowledged paternity, and an order of filiation was entered on August 6,1980. Pursuant to agreement, an order of support for $60 biweekly, commencing August 15, 1980, was entered.
On January 23, 1982, petitioner initiated the instant supplementary proceeding seeking enforcement of the court’s prior order. At a hearing on February 13, 1982, respondent admitted he had ceased paying support for the child. He stated that he had set aside the moneys in a trust account for the child and offered to pay petitioner the arrears on the condition that she agree to change the child’s surname to his. The petitioner refused.
The court adjourned the proceeding to April 21,1982, for a hearing on the change of name issue. On April 6, 1982, petitioner filed the subject motion seeking an order dismissing the respondent’s application for a change of surname based on the afore-mentioned grounds. The respondent on consent paid some arrears and agreed to pay support by direct payments to the petitioner during the pendency of this proceeding.
Though article 6 of the Civil Rights Law does prescribe a procedure for obtaining a change of name, it has never been deemed the exclusive remedy for such a change. (Matter of Green, 54 Misc 2d 606.)
Section 451 of the Family Court Act provides for the court’s continuing jurisdiction in a support proceeding. The Family Court also has continuing jurisdiction where an order of support has been made pursuant to section 545 of the Family Court Act (see Matter of Van Order v Hawley, 34 AD2d 591). This nevertheless is not enough to empower this court to act in this situation. The Family Court is a *637 court of limited jurisdiction (NY Const, art VI). For the court to afford the respondent the remedy he seeks, there must be a specific grant of power.
Sections 254 of the Judiciary Law and 543 of the Family Court Act, respectively, mandate: “When a court of competent jurisdiction shall make a determination as to the parentage of any person, the clerk of the court shall forthwith transmit to the state commissioner of health on a form prescribed by him a written notification of such entry together with such other facts as may assist in identifying the birth record of the person whose parentage was in issue.” (Judiciary Law, § 254; emphasis added.) “When an order of filiation is made, the clerk of the court shall forthwith transmit to the state commissioner of health on a form prescribed by him a written notification as to such order, together with such other facts as may assist in identifying the birth record of the person whose paternity was in issue” (Family Ct Act, § 543; emphasis added).
The relevant portion of the afore-mentioned form provided by the commissioner (notification of order of filiation, VR 46, April, 1979 [80H]) reads:
“The mother requests that the full name of the child shall be as follows:
First Name Middle Name Surname
“and is to be entered as such on a new birth record for said child for filing in the Department of Health in accordance with the provisions of the above laws and the Administrative Code of the City of New York which also requires that the original birth record and all papers relating thereto shall be placed under seal.”
The court finds that the above-outlined notification procedure in and of itself does not grant power to allow it to determine what surname a child born out of wedlock shall bear. The court’s role in this regard is ministerial only.
*638 Under section 255 of the Family Court Act, a Family Court Judge may order the co-operation of officials and organizations. This is not authority to order the child’s surname changed. It “cannot be read as permitting an order which denigrates from that officer’s statutory authority, any more than it can be read as expanding such an official’s authority into areas not granted by statute”. (Matter of Lorie C., 49 NY2d 161, 171.)
Moreover, the Court of Appeals in Commissioner of Public Welfare of City of N. Y. v Koehler (284 NY 260) held that the purpose of a paternity proceeding is not to determine the status of a child. Status or relationship of a child to a parent includes the surname by which the child shall be known. To this date, the Court of Appeals has not abandoned its position, and lower courts have consistently applied it. (See Matter of Melis v Department of Health of City of N. Y., 260 App Div 772; Matter of Salvatore S. v Anthony S., 58 AD2d 867; Matter of June B. v Edward L., 69 AD2d 612, 616 [dissenting opn]; Matter of La Croix v Deyo, 108 Misc 2d 382, 383; Matter of Edward K. v Marcy R., 106 Misc 2d 506, 507; Czajak v Vavonese, 104 Misc 2d 601, 604; Matter of Martz, 102 Misc 2d 102, 112; Matter of Goodrich v Norman, 100 Misc 2d 33, 35.)
Based upon this authority, the court answers the question presented in the negative. Furthermore, based upon the uncontested facts, the court does not find sufficient reason to suspend respondent’s support obligation.
This ruling does not leave the respondent without remedy. He has other avenues that he can pursue (e.g., [1] Civil Rights Law, art 6; [2] Public Health Law, § 4138; [3] CPLR art 78; see Matter of Dominick “C” v Ingraham, 31 AD2d 429; Matter of “P” v Department of Health of City of N. Y., 200 Misc 1090, to name a few).
Any such determination will ultimately be based on the child’s “best interests”. (State of New York ex rel. SpenceChapin Servs. to Families & Children v Tedeno, 101 Misc 2d 485; Matter of Yessner, 61 Misc 2d 174.)
Issues relating to support other than the change of name are referred to the hearing examiner on April 21, 1981, at *639 9:30 a.m., Family Court, 60 Lafayette Street, New York, New York, 10013, the date previously set.