OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a paternity proceeding brought pursuant to article 5 of the Family Court Act. The issue is whether respondent’s husband should be made a party to the present proceeding.
The petitioner, Merle Gorton, alleges that he is the natural father of Lillian Ann Jason, hereinafter referred to as the child, who was born to the respondent on September 28, 1973, and has filed this petition seeking to be adjudicated the child’s father. Respondent denies petitioner’s allegations and contends that her former husband, Curtis Jason, is the child’s father.
Petitioner now moves this court for an order permitting him to amend the petition and to add Curtis Jason as a respondent thereto or, in the alternative, permitting him to withdraw this petition without prejudice to his filing a new petition naming both the respondent and Curtis Jason as respondents.
Respondent, who was married to Curtis Jason during the time that the child was conceived and born, is now divorced from him. That judgment of divorce, granted to respondent *1035 upon the default of Curtis Jason, contains a finding that the child was a child of the marriage.
Petitioner and respondent, married during June, 1977, have now separated. It was after their separation that petitioner filed the present petition.
Petitioner contends that Mr. Jason is a necessary party to this proceeding, in light of respondent’s contention that Mr. Jason is the child’s father. He contends that because of the presumption of legitimacy it may be necessary, in order to accurately determine the paternity of the child, to require Mr. Jason to submit to a blood test.
Respondent opposes the motion. She contends that the presumption of legitimacy forecloses any further inquiry into the child’s paternity. She further contends that the finding, in the judgment of divorce, that the child was a child of the marriage between her and Mr. Jason is res judicata on the issue of paternity and that the parties are bound by that finding. She urges that petitioner’s only remedy is to seek to reopen the judgment of divorce in Supreme Court. She requests, in her answering affidavit, that the petition be dismissed.
Although respondent has not formally moved to dismiss the petition, we shall consider her request as a motion to dismiss.
We turn first to petitioner’s motion either to add Curtis Jason as a party respondent or to withdraw the petition without prejudice to his filing a new petition naming Mr. Jason as a corespondent upon the ground that he is a necessary party to the proceeding.
In 1940 the Court of Appeals held that the husband of the mother is not a necessary party to a paternity proceeding (Commissioner of Public Welfare v Koehler, 284 NY 260.) That court reasoned that such a proceeding had, as its only purpose, the determination of support for a child born out of wedlock. It was neither an adjudication of the child’s status nor a determination of the rights of either the mother’s husband or the putative father. However, much has changed in New York since 1940. The adjudication of paternity now carries far more consequences than such an adjudication did in 1940.
*1036 An adjudication of paternity by Family Court may affect the child’s rights of inheritance (EPTL 4-1.2, subd [a]). Such an adjudication may be dispositive of the rights of an unwed father to notice of a proposed adoption of his child (Domestic Relations Law, § 111-a).
Upon an adjudication of paternity, the Family Court is empowered to award visitation or even custody of the child to the adjudicated father (Family Ct Act, § 511). The present petition appears to be motivated by petitioner’s desire to obtain custody or visitation with the child.
Thus, it is no longer true that a paternity proceeding is conducted for the sole purpose of determining support for the child. Such a proceeding is now conducted for the purpose of determining the child’s natural father. An adjudication of paternity carries substantially the same significance as a declaratory judgment in the Supreme Court. (Matter of Commissioner of Social Servs. v Lazaro F., 99 Misc 2d 408.)
Further, an adjudication of paternity should, to the extent possible, be the final word on the issue of the child’s parentage. However, such an adjudication may not be binding on the mother’s husband, if he were not a part to the proceeding and had no opportunity to be heard. (It is quite possible that such a proceeding may be conducted without his ever being aware that the proceeding is pending.)
The court has a duty to safeguard the interest of the child by rendering an accurate determination as to his paternity. Modern technology has advanced to the point where a properly conducted blood-grouping test of all of the persons involved may be of significant assistance to a court in rendering such a decision (Family Ct Act, § 532).
Petitioner may be unable to overcome the presumption of legitimacy without evidence of a blood-grouping test, when, in fact, such results may exclude the mother’s husband from being the father. An adjudication in that instance, without the blood-grouping test results, would be an injustice to all concerned.
Petitioner seeks to have the mother’s husband joined as a necessary party to the proceeding. Article 5 sets forth *1037 those persons who may originate a paternity proceeding (Family Ct Act, § 522), but does not address the issue of against whom such a proceeding may be commenced. In the absence of any such guidance in the Family Court Act we must look to the CPLR.
The CPLR contains two basic provisions relating to the joinder of parties, CPLR 1001, entitled, “Necessary joinder of parties”, and CPLR 1002 entitled, “Permissive joinder of parties.”
CPLR 1001 addresses the issue of when an action may proceed in the absence of one who ought to be made a party and when an action must be dismissed in the absence of such a party.
Petitioner’s motion does not relate to the issue addressed by CPLR 1001. Rather, petitioner’s motion is for permissive joinder of respondent’s husband as a party.
CPLR 1002 (subd [b]) provides, “Persons against whom there is asserted any rights to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions and occurrences, may be joined in one action as defendants if any common question of law or fact would arise.”
Petitioner’s seeking to be adjudicated the child’s father may be considered as being an assertion of a right against the husband of the mother at the time of conception and birth of the child. The possible adjudication of paternity between petitioner and Mr. Jason will involve common question of law and fact. Lack of access and the blood types of all involved are examples of such common questions.
We, therefore, hold that the husband of the mother, at the time of the conception and birth of a child, who is the subject of a paternity proceeding, may be joined with the mother as a party respondent in such a proceeding.
We turn next to respondent’s contention, treated here as a motion, that the petition should be dismissed.
Respondents’ first contention is that the presumption of legitimacy forecloses any further inquiry into the child’s parentage. This argument is without merit.
*1038 Although the presumption of legitimacy is one of the strongest known to the law (Matter of Findlay, 253 NY 1), it is rebuttable. It may be overcome by proof of lack of access, impotency, or by the results of a competently conducted blood test (Matter of Hanley v Flanigan, 104 Misc 2d 698). Since the presumption is rebuttable, petitioner cannot be precluded from attempting to overcome the presumption at this stage in the proceeding.
Respondent’s second contention, that the findings in the divorce decree, that the child was a child of the marriage between respondent and Curtis Jason is res judicata, and binding upon petitioner, is also without merit.
Res judicata prevents the same parties from relitigating the same issue previously determined, by a court of competent jurisdiction, when that determination was on the merits or each party had an opportunity to be heard (Matter of New York State Labor Relations Bd. v Holland Laundry, 294 NY 480, 493).
A person who was not a party to the prior litigation, nor in privity with such a party, cannot be bound to his detriment by the prior judgment under this doctrine. Since petitioner was not a party to the divorce action, he is not bound by a finding made in that action.
Thus, respondent’s request to dismiss is denied. Petitioner’s motion to amend the petition to add Curtis Jason as a party respondent is granted, on condition that petitioner file such an amended petition on or before May 15,1984. If such a petition is not filed by that date without just cause, that motion will be denied.