OPINION OF THE COURT
Judith Sheindlin, J.
The issue presented in the above-captioned matter is whether the Family Court has jurisdiction to direct that the surname .of a child be changed subsequent to an order of filiation when one of the parties opposes that change.
This court is constrained to hold that given present jurisdictional limitations, the Family Court lacks the authority to order a change of surname absent consent of both parents.
This paternity petition was brought by the mother of the subject child. On August 30,1983, the respondent admitted in court that he was the father of the child and an order of filiation was entered. This court’s order further read “amend birth certificate” so that the respondent’s name be indicated on the birth certificate as the father of the child pursuant to section 4138 of the Public Health Law. As a result of a clerical error by a clerk of this court the birth certificate, as subsequently amended, also changed the surname of the child to reflect the respondent’s surname.
Upon learning of this error the petitioner requested that this court order the child’s surname on the birth certificate be corrected to reflect the petitioner’s surname.
The respondent argued that if the change was in fact made in error a hearing should be conducted at this time on the issue of the name change to determine the best *934 interests of the child. Petitioner asserts that the Family Court lacks jurisdiction to direct a name change, unless on consent, and that the clerical error resulting in the name change should be corrected.
CONCLUSIONS OF LAW
Procedures for obtaining a name change are governed by article 6 of the Civil Rights Law. Section 60 of the Civil Rights Law states in pertinent part: “A petition for leave to assume another name may be made by a resident of the state to the county court of the county or the supreme court in the county in which he resides, or, if he resides in the city of New York, either to the supreme court or to any branch of the civil court of the city of New York, in any county of the city of New York” (emphasis added).
The Civil Rights Law is not the exclusive method of name change in that the common law permits the free use of any name a person may choose. (Matter of Green, 54 Misc 2d 606.) However, if one wishes to obtain a court order memorializing such change, the procedure for doing so is governed by article 6 of the Civil Rights Law. Section 60 of the Civil Rights Law as set forth above clearly establishes jurisdiction for name changes in the City of New York in the Supreme Court or the Civil Court. There is no basis for jurisdiction in the Family Court pursuant to this statute.
The Family Court is a court of limited jurisdiction and must adhere to its statutorily enunciated powers. (See Clune v Clune, 57 AD2d 256; Matter of Walker v Buscaglia, 71 AD2d 315.)
The Family Court Act, and in particular article 5 which refers to paternity proceedings, is devoid of any authority to permit this court jurisdiction over a name change proceeding. In this respect this court respectfully disagrees with the interpretation of section 543 of the Family Court Act contained in Matter of Brooks v Willie (117 Misc 2d 640). Section 543 merely requires that when an order of filiation is made notification of such order be transmitted to the State Commissioner of Health. This statute does not grant the Family Court authority to entertain an application for a name change. (Dana A. v Harry M. N., 113 Misc 2d 635.) In fact, the apparent purpose of section 543 is to *935 effectuate the issuance of a new birth certificate reflecting the name of the father when an order of filiation is made pursuant to section 4138 (subd 1, par [b]) of the Public Health Law.
The function of the court is to enforce statutes and courts may not legislate under the guise of interpretation. (Bright Homes v Wright, 8 NY2d 157.) To interpret the clear and plain language of section 543 of the Family Court Act as investing the Family Court with the authority to entertain an application for a name change would be a trespass upon the legislative domain. (Bryant Park Bldg, v Frutkin, 10 Misc 2d 198.)
It is this court’s opinion, however, that the authority to entertain an application for a name change when brought in conjunction with a paternity proceeding should be vested in the Family Court. The absence of such legislation seems to promote duplicity of litigation, is judicially uneconomical and is without any substantive rationale. The Family Court was established for the care and protection of the young. (Committee Comments, Joint Legislative Committee on Court Reorganization, Report II, the Family Court Act, p 2.) This court was meant to be the one judicial forum in which almost all problems of the family could be heard and hopefully settled. (Matter of Fusco v Roth, 100 Misc 2d 288; Matter of Brooks v Willie, supra.) In fact, the Family Court has the authority to determine every aspect of a child’s life, to wit: paternity, support, custody and visitation. To then have to refer the litigants to another court on the issue of the name of a child is wasteful and makes no sense. This is especially true since this court has the facilities to order a mental health study of the parents and child, to appoint a guardian ad litem to protect the interests of the child, and to conduct a hearing to determine whether a name change is in the child’s best interests. Based upon the foregoing, it is ordered that the birth certificate be corrected as requested by the petitioner.