In the Matter of MEGAN O. BELL, Appellant, v MICHAEL J. BELL, Respondent.

Third Department, March 27, 1986

98

APPEARANCES OF COUNSEL

*Margaret N. O'Malley (Richard, O'Neil & Allegaert),* and *Gary Alexander Stahl* for appellant.

*Twining, Nemia, Hill & Steflik (Richard M. Hill* of counsel), for respondent.

## OPINION OF THE COURT

WEISS, J.

The parties to this support proceeding were married in October 1982. Their first child was born in January 1983. In March 1984, with petitioner expecting their second child, respondent left the marital home. The next month, an order of support was issued by a Virginia court directing respondent to make biweekly support payments of $276.93, and providing that no application for a modification in the amount of support could be made until one year after the birth of the second child. On November 2, 1984, a second daughter was born. Petitioner, who apparently resumed the use of her maiden name, O'Malley, named the child Rose Patricia O'Malley and registered this name on the child's birth certificate. In April 1985, petitioner applied to the Family Court of Tioga County for an upward modification of the support award. Respondent answered in opposition based on the time constraints set forth in the Virginia court order and cross-petitioned to terminate all support payments until the child's surname was changed from O'Malley to Bell. Following a prehearing conference, an agreement was reached between counsel to the effect that support payments would be continued provided the requested surname change was made within six weeks. A failure to so comply would work a suspension of support. When petitioner objected to the name-change agreement, Family Court issued an order dismissing the petition for modification and granting the cross petition to the extent of directing that one third of the support payments be placed in escrow pending a resolution of the surname issue. This appeal ensued.*

Family Court's ruling on the cross petition must be reversed. Although not expressly directing petitioner to change the child's surname to that of respondent, under penalty of forfeiture of support for failure to comply, that was clearly the purport of Family Court's order. Our threshold inquiry thus becomes whether Family Court was authorized to direct a

---

* In her brief, petitioner does not challenge the propriety of Family Court's dismissal of the support petition as contravening the provisions of the Virginia court order. Thus, that issue need not be reviewed.

name change. We think not. Family Court is indisputably a court of limited jurisdiction and cannot proceed beyond the powers specifically accorded it (NY Const, art VI, § 13; *see, Kleila v Kleila,* 50 NY2d 277, 282). The vehicle for obtaining a name change is set forth in Civil Rights Law article 6, which limits jurisdiction, insofar as here pertinent, to the County Court or Supreme Court in the county where the person seeking the name change resides (Civil Rights Law § 60). Although the Civil Rights Law does not diminish an individual's common-law right to select an appropriate name, it does define the exclusive mechanism for a court-ordered change *(see, Matter of Maria E. v Anthony E.,* 125 Misc 2d 933; *Dana A. v Harry M. N.,* 113 Misc 2d 635; *but see, Matter of Brooks v Willie,* 117 Misc 2d 640). We hold that the power to direct a name change is outside Family Court's jurisdiction.

Nor are we persuaded by respondent's assertion that Family Court's authority to direct a name change is necessarily incident to its support jurisdiction *(see,* Family Ct Act §§ 411, 451). The fallacy of such reasoning is that it suggests a correlation between a parent's duty to provide support (Family Ct Act § 413) and a child's surname. The best interest of a child being the focal point in a support proceeding *(see,* Domestic Relations Law § 240 [1]; *Matter of Boden v Boden,* 42 NY2d 210, 212; *Matter of La Blanc v La Blanc,* 96 AD2d 670), there is no basis in law or reason to condition the duty of support upon a child's bearing the surname of the payor parent. To the extent that *Matter of Good v Stevenson* (113 Misc 2d 270) suggests otherwise, we decline to follow it. Although it is customary for a child to receive his paternal surname, such custom does not rise to the level of a legal entitlement. A father may very well have a valid interest in having his child bear his surname, but "neither parent has a superior right to determine the surname of [a] child, and the question is always whether the best interest of [a] child will be served by the proposed change" *(Matter of Cohan v Cunningham,* 104 AD2d 716; *see, State of New York ex rel. Spence-Chapin Servs. to Families & Children v Tedeno,* 101 Misc 2d 485, 488). Not only does Family Court's order in this case create a gender-based presumption in favor of respondent that implicates petitioner's equal protection rights (US Const, 14th Amend, § 1; *see, Orr v Orr,* 440 US 268, 279), the directive also fails to scrutinize the paramount issue of whether a name change is in the child's best interest. Accordingly, the order should be modified and the cross petition dismissed.

MAHONEY, P. J., KANE, CASEY and LEVINE, JJ., concur.

Order modified, on the law, with costs to petitioner, by reversing so much thereof as granted any relief on the cross petition; cross petition dismissed; and, as so modified, affirmed.