■ MELISSA A. SWANK, Formerly Known as MELISSA A. PETKOVSEK, Appellant, v STEPHEN PETKOVSEK, Respondent. [629 NYS2d 129] —Order unanimously reversed on the law with costs and counterclaim dismissed. Memorandum: The parties were married in 1990 and had a child in February 1992. Plaintiff gave the infant her surname, which she had continued to use. About a year later, plaintiff commenced a divorce action on the ground of cruel and inhuman treatment. Defendant denied the allegations of the complaint and counterclaimed for an order changing the last name of the infant to his surname. Supreme Court granted plaintiff a divorce and conducted a hearing on defendant's counterclaim. Plaintiff testified that defendant did not always exercise his visitation rights, that he did not send Christmas or birthday gifts to the infant, and that he was in arrears on support. Defendant admitted that he was living in Wyoming, but testified that he was trying to relocate to New York. The court granted defendant's counterclaim to change the surname of the infant, stating that it is "in the best interest of the child that he maintain this vital link with his father". That was error.

A court may change the name of an infant if it determines that "the interests of the infant will be substantially promoted by the change" (Civil Rights Law § 63). Contrary to the court's determination, the issue is not whether it is in the infant's best interests to have the surname of the mother or father, but whether the interests of the infant will be promoted substantially by changing his surname. Defendant has no "legal entitlement" to have the infant receive his surname *(Matter of Bell v Bell,* 116 AD2d 97, 99; *see, Matter of Cohan v Cunningham,* 104 AD2d 716) and failed to present any evidence to support the change. The court's concerns about the infant's possible feelings of embarrassment or alienation "were too speculative to be considered relevant" *(Matter of Learn v Haskell,* 194 AD2d 859, 860). Based on the evidence adduced at the hearing, we conclude that defendant failed to establish that the interests of the infant would be promoted substantially by the proposed change *(see, Matter of Bell v Bell, supra; cf., Matter of Learn v Haskell, supra,* at 860). (Appeal from Order of Supreme Court, Herkimer County, Tenney, J.—Name Change.) Present— Denman, P. J., Pine, Wesley, Balio and Boehm, JJ.