■ In the Matter of JANE F. NIETHE, as Parent and Natural Guardian, for Leave to Change Minors' Names to DOMINIC ROBERT McCARTHY and DILLAN LEONARD McCARTHY, Respondent; DANIEL W. DePERNO, Appellant. [57 NYS3d 329]—

Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered March 3, 2015. The order, inter alia, granted the petition to change names.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding seeking an order permitting her two sons to change their surname from respondent's surname to her maiden surname. In 2001, respondent, who is the sons' father, pleaded guilty to three felony sex offenses in satisfaction of, among other things, a 31-count indictment (*People v DePerno*, 92 AD3d 1089 [2012]). The incident garnered significant media attention because respondent was, at the time, a tenured college professor and the victim of the sexual abuse was only 14 years old when the abuse began.

Petitioner feared that her sons, who are now old enough to understand the nature of respondent's crimes, would be "humiliated, stigmatized and ridiculed" as a result of respondent's background. Petitioner further contended that the sons "have strongly negative feelings" about respondent and no longer wish to bear his surname. Respondent opposed the petition, challenging many of the contentions made by petitioner concerning his past conduct and his relationship with his sons. We conclude that Supreme Court erred in summarily granting the petition.

"Civil Rights Law § 63 authorizes an infant's name change if there is no reasonable objection to the proposed name, and the interests of the infant will be substantially promoted by the change" (*Matter of Eberhardt*, 83 AD3d 116, 121 [2011]). With respect to infants, the statute provides in relevant part, that, if the court is "satisfied . . . that the petition is true, . . . that there is no reasonable objection to the change of name proposed, and . . . that the interests of the infant will be substantially promoted by the change," the court may grant the petition (§ 63). With respect to the interests of the infant, "the issue is not whether it is in the infant's best interests to have the surname of the mother or father, but whether the interests of the infant will be promoted substantially by changing his [or her] surname" (*Swank v Petkovsek*, 216 AD2d 920, 920 [1995]). Such a determination "requires a court to consider the totality of the circumstances" (*Eberhardt*, 83 AD3d at 123).

Contrary to petitioner's contention, respondent raised reasonable objections to the petition (*cf. id.* at 121-122). Petitioner is seeking to change the sons' names to a surname that is not used by either parent or the sons' half-sibling (*cf. id.* at 117). While "neither parent has a superior right to determine the surname of the child," we have stated that "a father has a recognized interest in having his child bear his surname" (*Matter of Cohan v Cunningham*, 104 AD2d 716, 716 [1984]). Respondent also contends that an order granting the petition will have a deleterious effect on his relationship with his sons (*see generally Eberhardt*, 83 AD3d at 123-124). Although petitioner contends that the sons desire the name change, that contention is based on hearsay, and respondent challenges that contention. Inasmuch as the court did not conduct an in camera interview with them, we cannot resolve that disputed issue on this record. In any event, the sons are now of sufficient age and maturity to express their preference for a particular surname, and they have a right to be heard (*see generally id.*).

Because the record is insufficient to enable us to determine

whether the requested change would substantially promote the sons' interests (*see* Civil Rights Law § 63; *Swank*, 216 AD2d at 920), we reverse the order and remit the matter to Supreme Court for a hearing on the petition (*see Matter of Altheim*, 12 AD3d 993, 994 [2004]; *Matter of John Phillip M.-P.*, 307 AD2d 318, 318-319 [2003]; *Matter of Kyle Michael M.*, 281 AD2d 954, 954-955 [2001]). Present—Whalen, P.J., Lindley, Curran and Scudder, JJ.