Matter of Goodyear v New York State Dept. of Health (2018 NY Slip Op 05094)





Matter of Goodyear v New York State Dept. of Health


2018 NY Slip Op 05094


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


691 CA 17-01682

[*1]IN THE MATTER OF PATRICIA ANN GOODYEAR, PETITIONER-RESPONDENT,
v
NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT-RESPONDENT, AND JEANENE JUNE DEMARC, RESPONDENT-APPELLANT. 






MICHAEL STEINBERG, ROCHESTER, FOR RESPONDENT-APPELLANT.
DYER LAW OFFICES, P.C., SYRACUSE (ANDREA M. FERRO OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered June 1, 2017. The amended order granted the petition. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner filed a verified petition seeking, inter alia, "to amend and/or delete the child's birth certificate to amend and/or delete all references to Jeanene June [d]eMarc [respondent] . . . as the mother" of the child, although without stating any statutory underpinnings for such a proceeding. We note at the outset that the order from which respondent appeals was superceded by an amended order entered approximately two months later (see Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]). We previously issued an order denying respondent's cross motion "insofar as it s[ought] an order deeming [the] appeal . . . to be from the amended order." Nevertheless, upon our review of the full record on appeal, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the amended order (see CPLR 5520 [c]; Matter of Donegan v Torres, 126 AD3d 1357, 1358 [4th Dept 2015], lv denied 26 NY3d 905 [2015]).
The amended order (order) was issued without a hearing on any issues and in the absence of any motion practice. The order, among other things, changed the child's middle name, and directed respondent New York State Department of Health (DOH) to take several steps, including deleting all references to respondent's name from the child's birth certificate and issuing an amended birth certificate with a new middle name for the child. We reverse the order and dismiss the petition.
"It is well settled that the primary function of a pleading is to apprise an adverse party of the pleader's claim' " (12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1426 [3d Dept 2015], quoting Cole v Mandell Food Stores, 93 NY2d 34, 40 [1999]). Thus, a pleading must, inter alia, set forth the "material elements of each cause of action" (CPLR 3013; see 12 Baker Hill Rd., Inc., 130 AD3d at 1426). Here, the petition failed to set forth any statutory or other authority for the relief requested, leaving respondents and Supreme Court to speculate as to the legal basis for that relief, and whether to employ the procedures for an action or those for a special proceeding (see generally T.V. v New York State Dept. of Health, 88 AD3d 290, 306-309 [2d Dept 2011]). Although we have discretion to convert a proceeding to an action (see CPLR 103 [c]), we decline to exercise it where, as here, we lack any information regarding what proceeding or action was intended to be commenced and under what authority.
Insofar as the court construed the petition as one pursuant to CPLR article 78 seeking to compel DOH to issue a new birth certificate, or as a complaint in a declaratory judgment action seeking a declaration of petitioner's right to that relief, neither such a proceeding nor such an action is ripe for judicial review. The petition here did not allege that DOH had " arrived at a definitive position on the issue [of amending the birth certificate] that inflict[ed] an actual, concrete injury' " on petitioner prior to the commencement of this proceeding or action (Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519 [1986], cert denied 479 US 985 [1986]). Furthermore, "[a]n administrative determination is not final and binding' unless the determination is formal, explicit, and unequivocal and unless petitioner receives notice of it" (Nickerson v City of Jamestown, 178 AD2d 1003, 1004 [4th Dept 1991]). Here, the only indication in the limited record before us that petitioner sought a name change from DOH is the statement that she called the hospital where the child was born and asked that the child's name be changed, and was apparently told by a hospital employee that such request was denied, which cannot be deemed to be a "final and binding" determination of DOH (Matter of Agoglia v Benepe, 84 AD3d 1072, 1076 [2d Dept 2011]). Thus, insofar as the petition is deemed to be part of a proceeding or an action seeking a determination that DOH must change the child's name, it must be dismissed as premature.
With respect to that part of the order directing that the child's name be changed, we note that "Civil Rights Law § 63 authorizes an infant's name change if there is no reasonable objection to the proposed name, and the interests of the infant will be substantially promoted by the change" (Matter of Eberhardt, 83 AD3d 116, 121 [2d Dept 2011]). Here, the court erred in ordering DOH to change the name of the child "without conducting a hearing to determine whether the interests of the infant will be substantially promoted by the
change' " (Matter of Kyle Michael M., 281 AD2d 954, 954 [4th Dept 2001], quoting § 63; see Matter of Niethe [McCarthy—DePerno], 151 AD3d 1952, 1953-1954 [4th Dept 2017]). More importantly, however, the petition does not seek that relief, nor did the court follow the statutory procedure for determining such a request.
Insofar as the court deemed the petition to be an attempt to commence a proceeding to amend a birth certificate to remove a fictitious name (see Public Health Law § 4138 [2] [c]), such a petition is without foundation inasmuch as petitioner concedes that respondent exists, and petitioner does not contend that respondent's name is different from the name on the birth certificate. Consequently, any such part of the petition must be dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.
Finally, insofar as the petition may be deemed to be a request for "a judgment, order or decree relating to the parentage" that will permit the amendment of a birth certificate pursuant to the Public Health Law (§ 4138 [1] [b]; see § 4130 [2]), such a proceeding is redundant. Respondent commenced a proceeding in Family Court that will yield such a judgment, order, or decree. Although Family Court dismissed that proceeding, we have determined that the court erred in doing so, and we have therefore reinstated the petition (Matter of deMarc v Goodyear, — AD3d — [July 6, 2018] [4th Dept 2018]). It is well settled that where, as here, "there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same, a court has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending" (Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG, 110 AD3d 783, 784 [2d Dept 2013]). We exercise our discretion to dismiss this petition in favor of the pending Family Court proceeding, which involves the same parties and in essence seeks the same relief.
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court