Matter of Segool v Fazio (2018 NY Slip Op 08799)





Matter of Segool v Fazio


2018 NY Slip Op 08799


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1158 CA 18-00640

[*1]IN THE MATTER OF MICHAEL SEGOOL, AS PARENT AND NATURAL GUARDIAN OF GABRIELLA MARIE GRYCZKOWSKI, FOR LEAVE TO CHANGE THE NAME OF GABRIELLA MARIE GRYCZKOWSKI TO BRIELLA MARIE SEGOOL, PETITIONER-APPELLANT,
v
CARLY MARIE FAZIO, RESPONDENT-RESPONDENT. 






DAVID B. COTTER, BUFFALO, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 31, 2017. The order, among other things, denied the name change sought in the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding seeking an order authorizing a name change for his four-year-old child. At the time of the child's birth, respondent, who is the child's biological mother, and the father were not together. The mother was the custodial parent of the child; her boyfriend at that time signed an acknowledgment of paternity for the child, and the child was given his surname. Thereafter, the father learned of the child's birth, and paternity testing revealed that he was the biological father of the child. The acknowledgment of paternity signed by the mother's boyfriend was vacated. The mother subsequently transferred custody of the child to the father, who was thereafter awarded sole custody of the child. The father filed the instant petition seeking to change the last name of the child to his surname and to alter the child's first name because the father's older daughter has the same name and lives with him and the child. The mother opposed the petition via sworn affidavit and provided a list of alternative names for the child to which she would not object. In its order, Supreme Court authorized the child to assume one of the names proposed by the mother, concluding that "the inclusion of both biological parents' names in a child's last name is reasonable and in the best interests of the child, particularly where, as here, both parents are active participants in the child's life." Thus, the court, in essence, denied the father's petition in its entirety, and the father appeals.
We agree with the father that the court erred in authorizing a change to a name other than that requested in the father's petition and in making its determination without holding a hearing (see generally Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1429 [4th Dept 2018]; Matter of Kyle Michael M., 281 AD2d 954, 954 [4th Dept 2001]). Civil Rights Law § 63 provides that, upon presentation of a petition for a name change, if the court "is satisfied . . . that the petition is true, and that there is no reasonable objection to the change of name proposed, . . . the court shall make an order authorizing the petitioner to assume the name proposed." In the absence of a cross petition filed by the mother proposing a name change for the child, the only name that was properly before the court for consideration was the name change sought by the father in his petition.
Furthermore, "if the petition be to change the name of an infant, . . . the interests of the infant [must] be substantially promoted by the change" (id.; see Matter of Eberhardt, 83 AD3d 116, 121 [2d Dept 2011]). "With respect to the interests of the infant, the issue is not whether it is in the infant's best interests to have the surname of the mother or father, but whether the [*2]interests of the infant will be promoted substantially by changing his [or her] surname" (Matter of Niethe [McCarthy—DePerno], 151 AD3d 1952, 1953 [4th Dept 2017] [internal quotation marks omitted]). "As in any case involving the best interests standard, whether a child's best interests will be substantially promoted by a proposed name change requires a court to consider the totality of the circumstances" (Eberhardt, 83 AD3d at 123). Inasmuch as "the record [here] is insufficient to enable us to determine whether the requested change would substantially promote the [child's] interests" (Niethe, 151 AD3d at 1953-1954), we reverse the order, reinstate the petition, and remit the matter to Supreme Court for a hearing on the petition.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court