Matter of Celestia Kaylene C. v Gator J.G. (2025 NY Slip Op 04408)

Matter of Celestia Kaylene C. v Gator J.G.

2025 NY Slip Op 04408

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

566 CA 24-01020

[*1]IN THE MATTER OF CELESTIA KAYLENE C., AS PARENT FOR LEAVE TO CHANGE THE NAME OF MARLEY LOUISE G. TO MARLEY LOUISE C., PETITIONER-RESPONDENT,
v
GATOR J.G., RESPONDENT-APPELLANT. 

ANDREW G. MORABITO, EAST ROCHESTER, FOR RESPONDENT-APPELLANT.
CELESTIA KAYLENE C., RESPONDENT-APPELLANT PRO SE. 

 Appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), dated June 4, 2024 in a proceeding to change the name of a child. The order denied the motion of respondent seeking, inter alia, to vacate an order authorizing a name change of the parties' child. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in part, the order entered January 24, 2023, is vacated upon condition that until further order of Supreme Court, Genesee County, the provisions of that order shall remain in effect, and the matter is remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: Petitioner mother commenced this proceeding seeking an order authorizing a name change of the parties' child from respondent father's surname to the mother's surname. At the time of the child's birth, the father acknowledged paternity, and the child was given his surname. Supreme Court granted the mother's application and sealed the record. The father subsequently learned of the name change application and moved to, inter alia, vacate the order (name change order) pursuant to CPLR 5015 (a) (1) contending that he had a reasonable excuse for the default and a meritorious defense. The court denied the motion and, as limited by his brief, the father appeals from the order to the extent that it denied that part of his motion seeking to vacate the name change order. We reverse the order insofar as appealed from.
We agree with the father that he has demonstrated a reasonable excuse for the default inasmuch as he was not served with the statutory notice of the name change application. Civil Rights Law
§ 60 permits a petition for a name change to be brought by, among others, either of the infant's parents (see § 60 [1]). As relevant here, section 62 (1) of the Civil Rights Law requires that the petitioning parent must serve "in like manner as a notice of a motion upon an attorney in an action" notice upon the other parent. The only statutory exemptions from that notice requirement are when the person required to be given notice is deceased or "cannot be located with due diligence within the state, and . . . such person has no known address outside the state" (id.), and neither of those exemptions applies here.
We further agree with the father that he has a meritorious defense on the basis that he raised reasonable objections to the petition. "While 'neither parent has a superior right to determine the surname of the child,' we have stated that 'a father has a recognized interest in having his child bear his surname' " (Matter of Niethe [McCarthy-DePerno], 151 AD3d 1952, 1953 [4th Dept 2017]). The father also contends that an order granting the petition will have a deleterious effect on his relationship with his child (see id.; see generally Matter of Eberhardt, 83 AD3d 116, 121 [2d Dept 2011]).
We therefore reverse the order insofar as appealed from, grant the motion in part, vacate the name change order upon condition that, until further order of the court, the provisions of the name change order shall remain in effect, and remit the matter to Supreme Court for a hearing on the petition. In light of our determination, we need not consider the father's remaining contentions.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court