■ In the Matter of DAWN L. LEARN, an Infant, by DAVID HOUCK et al., Her Guardian and Custodians, Appellants, v ROBIN L. HASKELL, Respondent. [598 NYS2d 595] —Harvey, J. Appeal from an order of the County Court of Delaware County (Estes, J.), entered December 24, 1991, which dismissed petitioner's application pursuant to Civil Rights Law article 6 to change her surname.

On May 14, 1986 respondent, Robin L. Haskell (formerly Robin Dee Learn), gave birth to petitioner, Dawn Lynn Learn, the subject of this name change proceeding. Respondent was not married to petitioner's father, David Houck, at the time of petitioner's birth. Respondent married another man after the birth of petitioner and she now uses her husband's surname "Haskell". Respondent also has another child from this marriage, petitioner's half-sister, who also bears the last name Haskell. At the time of the instant petition, petitioner was five years old and was in the continuing custody of her paternal grandparents, Wilmott and Helen Houck, as a result of a permanent order of custody entered in June 1989 made pursuant to a neglect proceeding brought against respondent by the Broome County Department of Social Services. The custody order essentially stated that petitioner was to live with the Houcks throughout her minority. While petitioner's father lived in this household with petitioner the majority of the time, respondent's only contact with petitioner was through supervised four-hour visits every two weeks at the Houck household.

The instant petition was commenced in August of 1991 on petitioner's behalf by her father and grandparents pursuant to Civil Rights Law article 6 and sought to have petitioner's name changed from that of respondent's former surname to the name "Dawn Lynn Learn Houck". The stated reason for this request was the desire to change petitioner's name to match the surname of her father and her custodians and it was requested that the change be made prior to petitioner's entering into public school. Respondent opposed the petition and a hearing was scheduled. At the hearing, the only witness presented by petitioner was Helen Houck (hereinafter Houck).

Following her testimony, petitioner rested and respondent moved to dismiss the proceeding with prejudice. County Court granted the motion, finding that petitioner had not presented a prima facie case. This appeal by petitioner followed.

In our view, the order dismissing petitioner's application must be reversed. Civil Rights Law § 63 states in relevant part that: "If the court to which the [name change] petition is presented is satisfied * * * that the petition is true, and that there is no reasonable objection to the change of name proposed, and if the petition be to change the name of an infant, that the interests of the infant will be substantially promoted by the change, the court shall make an order authorizing the petitioner to assume the name proposed". In dismissing the petition County Court stated that it did not find that there had been a prima facie showing from Houck's testimony that petitioner's interest would be substantially promoted by changing her surname from Learn to Houck.

We disagree. Houck testified at some length about how petitioner desired to have her father's last name and that she insisted on using the name "Houck" when she started school despite being told repeatedly that her last name was Learn. Houck stated that petitioner was upset and confused over why her half-sister bore her father's surname and petitioner herself did not. She also indicated that it would provide her granddaughter with a feeling of security and stability to have the same name as the members of her family she lived with. Houck expressed concern that her grandchild would be subjected to ridicule and questioning from other children over the fact that she had a different surname from not only one, but both of her parents. Although County Court stated that it considered concern over petitioner's possible feelings of embarrassment or alienation were too speculative to be considered relevant, these precise concerns were found to be extremely pertinent in determining what name was in the child's best interest to employ in the case of *Matter of Goldstein* (104 AD2d 616, *lv denied* 64 NY2d 602). Significantly, it has been held that the sharing of a surname by a child with the parent he or she lives with is a legitimate point of concern because it "minimizes embarrassment, harassment, and confusion in school and social contacts" (*Matter of Shawn Scott C.*, 134 AD2d 345). Accordingly, we find that County Court erred in concluding that a prima facie case was not made out.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Or-

dered that the order is reversed, on the law and the facts, without costs, and petition granted.