■ In the Matter of JOHN PHILLIP M.-P. TERRY F., Appellant; PATRICIA M. et al., Respondents. [762 NYS2d 808] —In a proceeding to change an infant's name, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated August 7, 2002, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith.

Under the circumstances of this case, the Supreme Court erred in summarily denying the petition to change the middle name and surname of the subject child. The courts have recognized that "the sharing of a surname by a child with the

parent he or she lives with is a legitimate point of concern because it 'minimizes embarrassment, harassment, and confusion in school and social contacts' " (*Matter of Learn v Haskell,* 194 AD2d 859, 860 [1993], quoting *Matter of Shawn Scott C.,* 134 AD2d 345 [1987]; *see Matter of Mercado v Townsend,* 225 AD2d 555 [1996]; *Matter of Goldstein,* 104 AD2d 616 [1984]; *Matter of Robinson,* 74 Misc 2d 63 [1972]). Although concerns of this nature should be taken into consideration, they do not support the Supreme Court's summary conclusion that a name change would not be in the best interest of the subject child, who is less than three years old and bears a hyphenated surname combining his stepfather's name with his mother's maiden name. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the interests of the child would be "substantially promoted" by a name change (Civil Rights Law § 63; *see Matter of Kyle Michael M.,* 281 AD2d 954 [2001]). Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.