■ In the Matter of COLEMAN NATHANIEL BENNETT ALTHEIM, an Infant, to Assume Another Name. COLEMAN NATHANIEL BENNETT ALTHEIM, an Infant, by ANGELA J. BENNETT, His Parent, Appellant. [784 NYS2d 910]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered April 3, 2003 in Essex County, which dismissed petitioner's application pursuant to Civil Rights Law article 6 to change the name of her child.

In November 2002, petitioner, acting pro se, applied for an order permitting her son to assume her surname. Petitioner alleged, among other things, that the child's father, whose surname the child currently bears, had no contact with the child in the two years prior to the filing of the petition and had ceased paying child support. Petitioner further asserted that assumption of her surname would minimize embarrassment, harassment and confusion that the child would experience. Supreme Court summarily dismissed the petition.

Civil Rights Law § 63 states that a court shall grant a petition to change an infant's name if it "is satisfied . . . that the petition is true, and that there is no reasonable objection to the change of name proposed, and . . . that the interests of the infant will be substantially promoted by the change." We have recognized that the child's feelings of embarrassment or alienation are "extremely pertinent in determining what name [is] in the child's best interest to employ" and that "the sharing of a surname by a child with the parent he or she lives with is a legitimate point of concern" (*Matter of Learn v Haskell*, 194 AD2d 859, 860 [1993]; *see Matter of John Phillip M.-P.*, 307 AD2d 318, 318-319 [2003]). Further, a parent's "misconduct, abandonment

or lack of support" are also relevant in determining whether a name change petition should be granted (*Matter of Goldstein,* 104 AD2d 616, 616 [1984], *lv denied* 64 NY2d 602 [1984]). Here, the record is insufficient to permit us to determine whether the requested change would substantially promote the child's interests and, thus, we remit the matter to Supreme Court for a hearing on the petition (*see Matter of Kyle Michael M.,* 281 AD2d 954, 954-955 [2001]).

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.