In the Matter of JOHN PHILIP M.-P. TERRY F., Appellant; PATRICIA M. et al., Respondents. [839 NYS2d 502]—

In a proceeding pursuant to Civil Rights Law article 6 for leave to change an infant's surname, the father appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), dated July 11, 2006, which, after a nonjury trial, denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition to change the surname of the infant John Philip M.-P. is granted to the extent of changing the infant's current middle name to the mother's maiden surname and changing the infant's current surname to the father's surname, and the petition is otherwise denied.

Civil Rights Law § 63 authorizes the Supreme Court to grant a petition to change a child's name where it is satisfied that "there is no reasonable objection to the change of name proposed," and that "the interests of the infant will be substantially promoted by the change." Contrary to the mother's contention, the Supreme Court's determination that the proposed name change would not be in the best interests of the child is not supported by the record. The father's testimony that he has visited the child on a regular basis since he obtained an order of filiation, continues to make all required child support payments, and has developed a close relationship with the child, were essentially uncontroverted by the mother. Moreover, while it is undisputed that the mother enrolled the child in school and generally has held him out to the world under her maiden name, thereby effectively endeavoring to change the child's surname "without the protections afforded the child and the father of the child pursuant to Civil Rights Law article 6" (*Githens v Van Orden*, 177 Misc 2d 918, 920 [1998], *affd* 256 AD2d 1247 [1998]), her concern over potential embarrassment or harassment the child may suffer if his surname is changed to incorporate the father's surname "does not provide a sufficient basis to override the father's reasonable objection" to the child's current legal hyphenated surname combining the child's stepfather's name with the mother's maiden name (*Matter of Siira*, 7 AD3d 803, 804 [2004]; *see Matter of Thurman*, 5 Misc 3d 1010[A], 2004 NY Slip Op 51323[U], *2 [2004]). The mother's objection that the child bearing a surname different from hers, where she is the custodial parent, similarly is not a sufficient basis to deny the father's petition, given how common such an occurrence is in today's society (*see Matter of Grier*, 5 Misc 3d 1011[A], 2004 NY Slip Op 51332[U], *3 [2004]). Moreover, changing the child's name to eliminate his middle name, which is the same as his stepfather's first name, changing his middle name to his mother's maiden surname, and changing his surname to his father's surname, will substantially promote the child's interests. The father's expert witness credibly testified that doing so will memorialize the genetic bond the child shares with both of his parents, who have demonstrated their inability to otherwise cross-foster the natural bonds they each share and have striven to develop with the child (*see Rio v Rio*, 132 Misc 2d 316, 321 [1986]; *see also Matter of Caraballo*, 13 Misc 3d 1229[A], 2006 NY Slip Op 52054[U], *3 [2006]).

The parties' remaining contentions are without merit. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur.