Weston, J.E
(concurring in part and dissenting in part, and voting to reverse the order, insofar as appealed from, reinstating the petitions and granting them in the following memorandum). While I concur with the majority’s determination to grant leave to appeal and to consolidate the two appeals, and in its finding that the Civil Court erroneously denied the petitions without a hearing, I would not remit the matter for a hearing. In my opinion, petitioner’s submissions are sufficient to warrant the granting of her request to change her daughters’ names.
As the majority correctly concludes, a petition to change the name of a minor may not be denied without a hearing (see Matter of Altheim, 12 AD3d 993, 994 [2004]). Here, the Civil Court not only denied the petitions without a hearing, but made factual findings and credibility determinations in the absence of *57 such a hearing. The Civil Court found—without any testimony or other evidentiary support in the record—that petitioner was neither credible nor trustworthy, that her reasons for requesting the name changes appeared to be deceitful, and that the proposed name changes would subject her children to embarrassment. Since such factual findings were not based upon a proper record (see CPLR 4213 [b]), I, like the majority, decline to affirm. Nevertheless, under the circumstances presented, I would not remit the matter for a hearing, but rather would grant the petitions.
In denying the petitions, the Civil Court cited to the atypical nature of petitioner’s request, stating that it is not common in this country for members of the same household to have completely different surnames. However, what is customary in this country in naming a child is not a determinative factor in deciding whether to grant a request for a name change (see Matter of Eberhardt, 83 AD3d 116, 123 [2011]; Matter of John Phillip M.-P., 307 AD2d 318, 318-319 [2003]). As long as the petition is true, there is “no reasonable objection” to the change, and, as relevant here, the interests of the infant will be “substantially promoted by the change,” the court “shall make an order authorizing the petitioner to assume the name proposed” (Civil Rights Law § 63).
While I agree with the Civil Court that such requests should not be perfunctorily granted, in this case, petitioner’s requests are neither objectionable nor contrary to her children’s best interests (compare Matter of Nawadiuko, 37 Misc 3d 1207[A], 2012 NY Slip Op 51931[U] [Civ Ct, Richmond County 2012] [denying application to change family’s last name to “ChristlsKing’’]). Petitioner sought, without opposition and with the father’s consent, that her children’s names be changed to Himika Himadri and Oporajita Neeladri. In doing so, petitioner informed the court that her daughters’ current surname—Hossain—has subjected them to ridicule from other children because of its Muslim origin.* The fact that the daughters’ proposed surnames differ from each other and their parents—which is customary in *58 petitioner’s birth country of Bangladesh—should not be a basis for denying the request. Our nation has a long-standing tradition of embracing cultural differences and respecting those differences. To deny an otherwise unobjectionable name change simply because it is culturally different not only goes against this tradition, but undermines the parents’ role in deciding what is in the best interests of their children (see Matter of Thurman, 5 Misc 3d 1010[A], 2004 NY Slip Op 51323[U] [Civ Ct, Kings County 2004]). In my opinion, the Civil Court’s concern for potential confusion and embarrassment among peers and school administrators is neither supported by the record nor sufficient to override the parents’ judgment in this case. In the absence of any objection to the petitions, and in light of petitioner’s compliance with the statute, I would reverse the Civil Court’s order, insofar as appealed from, reinstate the petitions, and grant them.
Solomon and Elliot, JJ., concur; Weston, J.P., concurs in part and dissents in part in a separate memorandum.

 Petitioner did not set forth this reason in her petitions to change her daughters’ names. Instead, she simply stated that she “[did] not like the name[s].” Such a statement, by itself, is insufficient to show that the proposed name change would “substantially promote[ ]” the interests of petitioner’s children (Civil Rights Law § 63). However, since the Civil Court acknowledged that petitioner had raised that additional reason for the changes, I would consider this reason as a basis for granting the change.