Matter of Rudder v Garber (2018 NY Slip Op 05596)





Matter of Rudder v Garber


2018 NY Slip Op 05596


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-05955
 (Index No. 24800/14)

[*1]In the Matter of Melissa Patton Rudder, etc., respondent,
v
John Richard Garber, appellant.


Arlene Boyd, Brooklyn, NY, for appellant.
Melissa Patton Rudder, Greenport, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Civil Rights Law article 6 for leave to change the surname of an infant, John Richard Garber appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated February 22, 2017. The order granted the petition to change the infant's surname from Garber to Rudder-Garber.
ORDERED that the order is affirmed, with costs.
Melissa Patton Rudder (hereinafter the mother) and John Richard Garber (hereinafter the father) are the parents of an infant, who was born in 2012. When the infant was born, he was given the father's surname as reflected by the infant's birth certificate. Although the mother and father, who never married, lived together with the infant for approximately one year, they eventually ended their relationship. In December 2014, the mother commenced this proceeding pursuant to Civil Rights Law article 6 on behalf of the infant for leave to change the infant's surname to Rudder-Garber. The Supreme Court granted the petition, and the father appeals.
"Civil Rights Law § 63 authorizes an infant's name change if there is no reasonable objection to the proposed name, and the interests of the infant will be substantially promoted by the change" (Matter of Eberhardt, 83 AD3d 116, 121). Here, the record supports the Supreme Court's determination that the father's objections to the proposed name were not reasonable, and that the interests of the infant will be substantially promoted by the change (see Civil Rights Law § 63; Matter of Eberhardt, 83 AD3d at 121-125; Matter of Siira, 7 AD3d 803, 803-804; Matter of John Phillip M.-P., 307 AD2d 318, 319).
The father's remaining contention, that the Supreme Court erred in failing to conduct a hearing before making its determination, is without merit (see Civil Rights Law § 63).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court