Matter of Bafumo (2019 NY Slip Op 02767)





Matter of Bafumo


2019 NY Slip Op 02767


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527051

[*1]In the Matter of MIA BAFUMO, an Infant. JEFFREY WEINHOFER, Respondent; AMY BAFUMO, Appellant. ATTORNEY FOR THE CHILD, Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Jay A. Kaplan, PC, Kingston (Lindsay H. Kaplan of counsel), for Amy Bafumo, appellant.
Lawrence S. Menkes, Stone Ridge, attorney for the child, appellant.
Steven H. Klein and Associates, Poughkeepsie (Cindy L. Sanchez of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered April 16, 2018 in Ulster County, which granted petitioner's application pursuant to Civil Rights Law article 6, to change the surname of the subject child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of a child (born in 2011), who is the subject of this name change proceeding. The parties have joint legal custody and the mother has always had primary physical custody of the child. Because he was overseas on active military duty, the father was not present at the time of the child's birth. Prior to the child's birth, however, the father had strongly expressed to the mother that the child should have his surname. Nevertheless, the mother gave the child her surname, Bafumo. The father commenced this proceeding in November 2016 under Civil Rights Law article 6 to change the surname of the child from Bafumo to Weinhofer, his surname. A hearing was held in March 2017, after which Supreme Court granted the petition to the extent of changing the child's surname to Bafumo-Weinhofer. The mother and the attorney for the child appeal. We affirm.
A petition to change the surname of a child shall be granted as long as the opposing party does not have a reasonable objection to the proposed name change and "the interests of the [child] will be substantially promoted by the change" (Civil Rights Law § 63). Although it appears that Supreme Court rendered its determination based solely on the second element — whether the child's interests would be substantially promoted by the name change — given that the [*2]record is sufficiently developed as to the first element — whether the mother's objections to the father's petition were reasonable — it is unnecessary to remit the matter for a new hearing (compare Matter of Altheim, 12 AD3d 993, 994 [2004]). That said, we find that the mother's objections were not reasonable.
In opposing the father's petition, the mother claimed that she was "shock[ed]" because the father had never requested that the child's surname be changed since the child's birth. The record reflects that, during the mother's pregnancy, the parties had discussed what the child's eventual name would be, and the father testified that he told the mother that he preferred that the child have his surname. It is also undisputed that the father was not present at the child's birth. The father, however, explained that he attempted to be present at the child's birth, but he was deployed abroad throughout the mother's pregnancy and his schedule did not permit him to be present. Furthermore, notwithstanding being stationed out of the country, the father was able to see the child approximately every six months during the early part of the child's life. Indeed, the mother acknowledged that the father did "the best [that] he could." Under these circumstances, the mother's claim of "shock" was not reasonable.
Nor do we agree with the mother's assertion that the child would be confused by the name change. "[T]he sharing of a surname by a child with the parent he or she lives with is a legitimate point of concern because it minimizes embarrassment, harassment, and confusion in school and social contacts" (Matter of Learn v Haskell, 194 AD2d 859, 860 [1993] [internal quotation marks and citation omitted]). The child, however, no longer shares the same surname with the mother. In this regard, the mother changed her last name by hyphenating it to add the surname of her husband, the child's stepfather. Additionally, the mother has another child with her husband and that child has the husband's surname (compare Matter of Havell v Islam, 304 AD2d 347, 348 [2003]; Matter of Mercado v Townsend, 225 AD2d 555, 556 [1996]). The mother also testified in a mere conclusory manner that a name change would "confuse [the child] a little — more than a little" and that it would be challenging for a young child to come to terms with a name change. Notwithstanding the foregoing, the mother agreed with the characterization that the child was "very bright." Furthermore, when asked whether she witnessed any pressure on the child, the mother's response did not relate to the child's surname but, rather, concerned the father's insistence that the child call the stepfather by his first name. Accordingly, the mother's claim regarding confusion was not a reasonable objection.
Relatedly, the mother also noted in her opposition that the child had started kindergarten where she was known by her given surname and that the child was proud of the fact that she learned to write it. Notwithstanding the foregoing, the child was still only five years old at that time. In our view, the child's vested interest in keeping the only surname that she has known is not as great as compared to an older child (see Matter of Thurman, 5 Misc 3d 1010[A], 2004 NY Slip Op 51323[U], *2 [Civ Ct, Kings County 2004]).
As to whether the proposed name change substantially promoted the interests of the child, the record discloses that the father has always supported the child financially, made significant efforts to visit and have a relationship with the child and has otherwise not engaged in misconduct. The change made by Supreme Court does not seek to eliminate the mother's surname — Bafumo — from the child's name; rather, it only adds the father's surname. There is no indication that such change would impact the child's relationship with either party or with the child's other family members. In view of the foregoing, we find that the determination to hyphenate the child's surname substantially promoted the interests of the child (see Matter of John Philip M.-P., 41 AD3d 720, 721 [2007], lv denied 9 NY3d 812 [2007]; see generally Matter of Eberhardt, 83 AD3d 116, 123-124 [2011]).[FN1]
Egan Jr., J.P. and Devine, J., concur.




Mulvey, J. (dissenting).


As noted by the majority, a court shall grant an application to change a child's name if the court is satisfied that the petition is true, there is no reasonable objection to the proposed name change and the child's interests will be substantially promoted by the change (see Civil Rights Law § 63; Matter of Altheim, 12 AD3d 993, 993 [2004]; Matter of Learn v Haskell, 194 AD2d 859, 860 [1993]). These are separate elements (see Matter of Eberhardt, 83 AD3d 116, 121-125 [2011]; Matter of Havell v Islam, 304 AD2d 347, 348 [2003]), and the absence of any one requires the court to deny the application (see Civil Rights Law § 63). Although we do not disagree with the majority's analysis regarding whether the name change would substantially promote the child's interests, we find it unnecessary to address that element based on our determination that respondent (hereinafter the mother) raised a reasonable objection to the name change.
Although not all of the mother's objections were reasonable, some were. Among other things, she asserted that petitioner (hereinafter the father) was aware of the child's name, which did not include the father's surname, soon after the birth but did not seek a name change until the child was 5½ years old. The father provided no explanation for his delay. By that time, the child was not only known by and self-identified with her birth name, but she had entered school under and proudly learned to write her own name. Further, while not dispositive, both the mother and the attorney for the child noted that the child opposed the name change.
We acknowledge that the father attempted to be at the child's birth and see her regularly during her early years, and that he was prevented from doing so by his military deployment. However, the relevant objection pertains to why the father waited so long to seek a name change. He was informed of, and knew he disagreed with, the child's name shortly after her birth, yet he made no effort to change her name while she was an infant or toddler, at which point she would not be cognizant of her surname. Instead of dealing with this concern immediately, the father waited until the child was old enough to know and write her own name and, perhaps not coincidentally, the father sought a name change at about the same time that the mother sought an increase in his child support payments. Under the circumstances, we find that the mother raised a reasonable objection to the father's unexplained 5½-year delay in seeking a name change. Because a reasonable objection was raised (see Matter of Mercado v Townsend, 225 AD2d 555, 556 [1996]), a statutory element is missing, requiring denial of the application (compare Matter of Eberhardt, 83 AD3d at 121-123). Accordingly, we would reverse the order and dismiss the petition.
Clark, J., concurs.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The position of the attorney for the child, although informative, is not dispositive (cf. Matter of Gerber v Gerber, 133 AD3d 1133, 1138 [2015], lv denied 27 NY3d 902 [2016]).