Matter of Noah ZZ. (Amanda YY.--Ramon ZZ.) (2020 NY Slip Op 05007)





Matter of Noah ZZ. (Amanda YY.--Ramon ZZ.)


2020 NY Slip Op 05007


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

528919

[*1]In the Matter of Noah ZZ., an Infant. Amanda YY., Respondent; Ramon ZZ., Appellant.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Ramon Dunlop, Johnson City, appellant pro se.
Jackson Bergman, LLP, Binghamton (Dhyana M. Estephan of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Lebous, J.), entered January 16, 2019 in Broome County, which granted petitioner's application pursuant to Civil Rights Law article 6 to change the surname of the subject child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2013). The parties are separated and, in 2017, the mother was awarded sole legal and physical custody of the child, with parenting time allotted to the father (Matter of Amanda YY. v Ramon ZZ., 167 AD3d 1260, 1261 [2018]). In 2018, the mother commenced this proceeding pursuant to Civil Rights Law article 6 seeking permission to change the child's surname to include her last name; the father opposed the petition. Following a hearing, Supreme Court granted the mother's petition, finding that the father failed to provide any reasonable objection to the proposed name change and that the addition of the mother's surname to provide for a hyphenated surname incorporating both parties' surnames appropriately designated the joint parenting arrangement between the mother and the father. The father appeals.
We affirm. Pursuant to Civil Rights Law article 6, an application to change a child's name shall be granted as long as the court is satisfied that the petition is true, there is no reasonable objection to the proposed name change by the opposing party and the child's interests will be substantially promoted by the change (see Civil Rights Law § 63; Matter of Bafumo, 171 AD3d 1328, 1328 [2019]; Matter of Altheim, 12 AD3d 993, 993 [2004]). The evidence at the hearing demonstrated that the mother is the primary legal and physical custodian of the child, with the father having parenting time with the child every other weekend for a four-hour time period. The mother testified that the child suffers from a medical condition that requires frequent visits with medical providers and, because she does not presently share her surname with the child, this fact regularly presents confusion and difficultly when dealing not only with the child's medical and insurance providers, but also with the child's school, pharmacy and the various foundations where she has applied for grants pertaining to the child's diagnosis. Moreover, the child recently started kindergarten, is "very curious" and has asked the mother numerous questions regarding his family, indicating a preference for his name to reflect both the mother's and father's family names. To that end, the mother indicated that she is not seeking to eliminate the father's surname, but simply to add her surname to create a hyphenated last name that includes both the mother's and the father's surnames.
In opposition, the father claims that the child's present surname does not actually create any confusion with respect to the child's medical, insurance and educational providers and that the mother is using the proposed name change as a "stepping stone" to alienate the child from him, and that the use of a hyphenated surname would only serve to ostracize the child from the father's extended family and would negatively impact the child's "masculinity." Other than the father's speculative and conclusory assertions, however, he failed to provide any support for his objections, nor is there anything in the record demonstrating that the mother lied, has engaged in any conduct suggesting or permitting an inference of misconduct in bringing the instant petition or that she is otherwise attempting to alienate the father from the child. To the contrary, "the sharing of a surname by a child with the parent he or she lives with is a legitimate point of concern because it minimizes embarrassment, harassment, and confusion in school and social contacts" (Matter of Bafumo, 171 AD3d at 1329 [internal quotation marks, brackets and citations omitted]).
With respect to whether the proposed name change substantially promotes the interests of the child, the mother is the sole legal and physical custodian of the child and indicated that, as his primary caretaker, said name change will ease her and the child's ability to navigate the child's extensive medical needs while having little or no impact on the child's relationship with either party; thus, we are satisfied that hyphenating the child's surname substantially promotes the child's interests (see Matter of Bafumo, 171 AD3d at 1330; Matter of Rudder v Garber, 164 AD3d 511, 511 [2018]; Matter of Eberhardt, 83 AD3d 116, 121-123 [2011]; Matter of Learn v Haskell, 194 AD2d 859, 860 [1993]). Further, given the lack of any reasonable objections by the father and having reviewed the totality of the circumstances, we find that Supreme Court's determination granting the mother's petition is supported by the record (see Civil Rights Law § 63).
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that order is affirmed, without costs.