Matter of Stone v Weinberg (2020 NY Slip Op 07897)





Matter of Stone v Weinberg


2020 NY Slip Op 07897


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2020-01704
 (Index No. 926/18)

[*1]In the Matter of Mark L. Stone, appellant;
v
Jamie M. Weinberg, respondent.


Cory H. Morris, Melville, NY, for appellant.
Quatela Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri, John R. Eyerman, and Sophia Arzoumanidis of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Civil Rights Law article 6 for leave to change an infant's name, the petitioner appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated November 6, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the petition which was for leave to change the child's first name.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Mark L. Stone (hereinafter the father) petitioned for leave to change the subject child's first and last name. Jamie M. Weinberg, the child's mother, consented to change the child's last name, but objected to changing the child's first name. After a hearing, the Supreme Court denied that branch of the petition which was for leave to change the child's first name. The father appeals.
Civil Rights Law § 63 authorizes an infant's name change if there is no reasonable objection to the proposed name, and the interests of the infant will be substantially promoted by the change. Neither parent has a superior right to determine the surname of the child (see Matter of Eberhardt, 83 AD3d 116, 123), thus, it follows that no parent has a superior right to determine the first name of the child.
As in any case involving the best interests standard, whether a child's best interests will be substantially promoted by a proposed name change requires a court to consider the totality of the circumstances (see Matter of John Philip M.-P., 41 AD3d 720). Among the myriad of factors or circumstances that a court may consider in determining whether a proposed name change substantially promotes the child's best interests, there are several that warrant special mention: (1) the extent to which a child identifies with and uses a particular name; (2) the child's expressed preference, if of sufficient age and maturity to articulate a basis for preferring a particular name; (3) the effect of the proposed name change on the child's relationship with either parent; (4) whether the child is known by a particular name in the community; (5) the misconduct, if any, of a parent, such as the failure to support or visit with the child; and (6) the difficulties, harassment, or embarrassment that the child may experience by bearing the current or proposed name (see Matter of Eberhardt, 83 AD3d at 123-124).
Here, the proposed change of the child's first name fails to substantially promote the child's best interests. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the father's petition which was for leave to change the child's first name.
The father's remaining contention is without merit.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court