Matter of Giovanni C. (Sarah D.--Christopher C.) (2024 NY Slip Op 03111)

Matter of Giovanni C. (Sarah D.--Christopher C.)

2024 NY Slip Op 03111

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-23-0012
[*1]In the Matter of Giovanni C., an Infant. Sarah D., Respondent; Christopher C., Appellant.

Calendar Date:April 30, 2024

Before:Clark, J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Aswad & Ingraham, LLP, Binghamton (Mary E. Saitta of counsel), for appellant.
Sarah D., Mount Vision, respondent pro se.

Ceresia, J.
Appeal from an order of the Supreme Court (Brian D. Burns, J.), entered November 15, 2022 in Otsego County, which granted petitioner's application pursuant to Civil Rights Law article 6 to change the surname of the subject child.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2016) who is the subject of this name change proceeding. The child has always resided with the mother, but the father had visitation with the child until January 2021, when the child reported that the father had abused him and the father's visitation was suspended. The county social services department commenced an abuse and neglect proceeding, which was eventually resolved by way of an adjournment in contemplation of dismissal in exchange for the father's agreement to continue the suspension of visitation, among other conditions. In March 2022, the mother petitioned to change the child's surname from that of the father to that of the mother's husband (hereinafter the stepfather), which is shared by the mother. The father opposed. After an October 2022 fact-finding hearing, Supreme Court granted the petition, prompting this appeal by the father.
We affirm. "A petition to change the surname of a child shall be granted as long as the opposing party does not have a reasonable objection to the proposed name change and 'the interests of the [child] will be substantially promoted by the change' " (Matter of Bafumo, 171 AD3d 1328, 1328 [3d Dept 2019], quoting Civil Rights Law § 63; see Matter of Noah ZZ. [Amanda YY.-Ramon ZZ.], 186 AD3d 1806, 1806-1807 [3d Dept 2020]). Turning first to the father's objections, in his affidavit in opposition to the petition, the father protested on the ground that the mother's marriage to the stepfather was of short duration and, if unsuccessful, the child would bear the surname of someone to whom he was not related. However, that claim is wholly speculative, particularly in light of the mother's testimony that, as of the time of the hearing, she and the stepfather had been in a relationship for approximately three and a half years and had been married for one and a half of those years. The father also expressed a concern in his affidavit that the mother was attempting to alienate the child from him, but this was not elaborated upon, nor borne out by any proof at the hearing. As such, the father failed to raise a reasonable objection to the petition.
Moving on to the interests of the child, "whether a child's best interests will be substantially promoted by a proposed name change requires a court to consider the totality of the circumstances" (Matter of Stone v Weinberg, 189 AD3d 1425, 1426 [2d Dept 2020]). Significantly, "[w]e have recognized that the child's feelings of embarrassment or alienation are extremely pertinent in determining what name is in the child's best interest to employ[,] and that the sharing of a surname by a child with the parent he or she lives with is a legitimate [*2]point of concern" (Matter of Altheim,12 AD3d 993, 993 [3d Dept 2004] [internal quotation marks and citation omitted]; see Matter of Bafumo, 171 AD3d at 1329). The mother's undisputed testimony revealed that the child refused to use the father's surname, felt excluded from his family and wished to share the surname of all of the other family members with whom he lived — that is, the mother, the stepfather and the child's stepsiblings. According to the mother, the child was having trouble in school and would become confused when referred to by the father's surname, stating that it was not his last name and that he did not want that last name. Additionally, as the record reflects that the father had not seen or spoken to the child in 22 months, we agree with Supreme Court's assessment that the stepfather is the only father figure in the child's life. Under these circumstances, the finding that the name change is in the child's best interests is amply supported (see Matter of Noah ZZ. [Amanda YY.-Ramon ZZ.], 186 AD3d at 1807-1808).
Clark, J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the order is affirmed, with costs.